# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TOM HYATT, | Case No. 1:15-cv-00955-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| EDMUND G. BROWN, JR., et al., | ORDER VACATING SEPTEMBER 4, 2019 HEARING |
| Defendants. | (ECF Nos. 26-27, ) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Defendants' motion to dismiss the above referenced action on the grounds of qualified immunity. The plaintiff did not file an opposition to the motion to dismiss.

The Local Rule provides that a party who fails to file a timely opposition is not entitled to be heard in opposition to the motion at oral argument. L.R. 230(c). Accordingly, the Court shall vacate the September 4, 2019 hearing on the motion to dismiss and the parties are not required to appear on that date.

## I.

## PROCEDURAL HISTORY

On June 24, 2015, Tom Hyatt ("Plaintiff") filed this action against Defendants Edmond G. Brown, Jr., Arnold Schwarzenegger, Jeffrey Beard, Matthew Cate, Scott Frauenheim, Paul Brazelton, James A. Yates, and Felix Igbinosa. The matter was stayed on November 30, 2015

pending the resolution of the appeals in the related cases of Smith, et al. v. Schwarzenegger, et al., appeal no. 15-17155, Hines v. Youssef, appeal no. 15-16145, and Jackson, et al. v. Brown, et al., appeal no. 15-17076. (ECF No. 51.) On February 1, 2019, the Ninth Circuit issued an order affirming the district court decision in Smith, et al. v. Schwarzenegger, et al., appeal no. 15-17155, and Hines v. Youssef, appeal no. 15-16145, and affirming in part and reversing in part in Jackson, et al. v. Brown, et al., appeal no. 15-17076. The stay of this matter was lifted on April 5, 2019. On July 25, 2019, after receiving an extension of time to respond to the complaint, the named defendants filed the instant motion to dismiss.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections ("CDCR") and was transferred to Pleasant Valley State Prison ("PVSP") in 2010. Plaintiff is of American-Indian descent and was diagnosed with Valley Fever around May 2011. Arnold Schwarzenegger and Edmond Brown, Jr. are former Governors of the State of California. The remaining defendants are current or former prison officials. Plaintiff brings this action alleging deliberate indifferent in violation of the Eighth Amendment and racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

Coccidioidomycosis ("Valley Fever") is a serious infectious disease that is contracted through the inhalation of an airborne fungus. Once the spores are inhaled and have lodged in various locations of the respiratory system, they grow and transform into large tissue-invasive parasitic spherules. They can migrate through the blood into other tissues and organs.

Valley Fever spores are endemic in the soil of various areas of the Southwest, but nowhere is more prevalent in the the Central Valley of California where PVSP is located. Most people who get Valley Fever have minor symptoms that resolve by themselves within weeks. Certain individuals are at a particularly high risk of developing the disseminated form of Valley Fever. "Disseminated Valley Fever" is a serious infection that affects soft tissues, bones, joints, and the membranes surrounding the brain and spinal cord. It is progressive, painful, and debilitating. If left untreated it is uniformly fatal once it progresses to meningitis.

1    There is no cure for Disseminated Valley Fever and and surgical excision of tissue and
2 bone is the only medical response for some extrapulmonary infections. There are some drugs
3 that have been found to be effective in treating Disseminated Valley Fever, but they must be
4 taken daily for the remainder of the individual's life. Approximately seventy-five percent of the
5 patients who stop taking the drugs will relapse into life-threatening disease within one year.

6    Plaintiff contends that the named defendants were aware of the prevalence of Valley
7 Fever and located Avenal State Prison, California Correctional Institution, California State
8 Prison-Corcoran, Wasco State Prison, North Kern State Prison, PVSP, California Substance
9 Abuse Treatment Facility and State Prison, and Kern Valley State Prison in the hyper-endemic
10 region of the San Joaquin Valley. Plaintiff states the defendants knew that the prisons were
11 located in an area which host the Valley Fever spores and that American Indians, Asians, Blacks,
12 and immune-compromised individuals were at the highest risk of disseminated disease. A 2006
13 memo described the infection rates within CDCR showing an increase from 2001 to 2006 with a
14 dramatic increase of incidents in 2006, with rates as high as 7 % during 2006-2010. Plaintiff
15 contends that the rate of Valley Fever is significantly higher at PVSP where he was housed than
16 the surrounding county. Between 2006 and 2010, approximately 36 inmates died from Valley
17 Fever. In 2007, CDCR implemented a policy that protected persons with certain medical
18 conditions but did not protect other inmates who defendants knew were at risk and did not stem
19 the epidemic of Valley Fever.

20   Generally, Plaintiff alleges that each of the named defendants was aware of the elevated
21 risk of inmates in the hyper-endemic areas of contracting Valley Fever and that failure to control
22 inmate exposure to the soil in the areas increased the risk. Despite this knowledge, no efforts
23 were taken to remediate the inmates' exposure to Valley Fever spores. Plaintiff brings this
24 action seeking monetary damages.

## III.

## MOTION TO DISMISS LEGAL STANDARD

27   Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on
28 the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A

motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

## IV.

## ANALYSIS AND DISCUSSION

Defendants move to dismiss these actions based upon the Ninth Circuit' recent holding in Hines v. Youseff, 914 F.3d 1218 (9th Cir. 2019). Defendants contend that Hines is controlling

1 and they are entitled to qualified immunity for housing inmates in prisons in which they were
2 exposed to Valley Fever. Further, Defendants state that Hines also found that inmates did not
3 have a clearly established right not to be segregated from certain prisons based on their race.
4 Defendants argue that, although the holding in Hines addressed excluding African-American
5 inmates, it would apply equally to a claim based on Native-American ancestry.

### A. Qualified Immunity

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). " 'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.' " Stanton v. Sims, 134 S.Ct. 3, 5 (2013) (citations omitted).

To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200 (2001). The court determines if the facts as alleged state a violation of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Saucier, 533 U.S. at 200. A district court is "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't. 556 F.3d 1075, 1085 (9th Cir. 2009)).

It is not required that there be a case directly on point before concluding that the law is clearly established, "but existing precedent must have placed the statutory or constitutional question beyond debate." Stanton, 134 S.Ct. at 5 (quoting Ashcroft v. al–Kidd, 131 S.Ct. 2074, 2085 (2011). A right is clearly established where it is "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." Hines, 914 F.3d at

1229 (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)).

In determining if the right is clearly established, the court must consider the law, "in light of the specific context of the case, not as a broad general proposition." Hines, 914 F.3d at 1229 (Mullenix v. Luna, 136 S.Ct. 305, 308 (2015)).

      1.      Deliberate Indifference in Violation of the Eighth Amendment

In Hines, the Ninth Circuit did not consider whether exposing inmates to heightened exposure of Valley Fever spores violated the Eighth Amendment's prohibition against cruel and unusual punishment, but addressed whether the law was clearly established at the time the defendants acted. Hines, 914 F.3d at 1229. While the court did not require a case on all fours, the court found that in order for the law to be clearly established there would need to be controlling authority or a robust of consensus of cases of persuasive authority that had previously held that it would be cruel and unusual punishment to expose prisoners to a heightened exposure to Valley Fever spores. Hines, 914 F.3d at 1230. Similar to the district court's previous findings, see Smith v. Schwarzenegger, 137 F.Supp.3d 1233, 1242-1251 (E.D. Cal. 2015), aff'd sub nom. Hines, 914 F.3d 1218; the Ninth Circuit found that no such precedent exits. Hines, 914 F.3d at 1230. The court also found that the risk was not so clear or obvious that exposing inmates to Valley Fever would violate the Eighth Amendment. Id. at 1230. More specifically, the court found it was not obvious so that no reasonable prison official would have thought that free society would not have tolerated the risk. Id. at 1231. The plaintiffs failed to meet their burden because "a federal court supervised the officials' actions, and there is no evidence that 'society's attitude had evolved to the point that involuntary exposure" to such a risk 'violated current standards of decency,' especially given that millions of free individuals tolerate a heightened risk of Valley Fever by voluntarily living in California's Central Valley and elsewhere. Those two facts mean that a reasonable official could have thought that he or she was complying with the Constitution." Id.

The Hines court held that the officials were entitled to qualified immunity against the Eighth Amendment claims. Hines, 914 F.3d at 1232. The Ninth Circuit's decision in Hines is controlling in this action, and the Court finds that the defendants are entitled to qualified

immunity on the plaintiff's claims that housing him in an area where he was exposed to heightened exposure to Valley Fever spores violated the Eighth Amendment.

2. <u>Equal Protection in Violation of the Fourteenth Amendment</u>

Defendants similarly move to dismiss Plaintiff's equal protection claim based on the Ninth Circuit's finding that it was not clearly established that inmates had a right to be segregated from certain Central Valley prisons based on their race.

<u>Hines</u> also held that prison officials were entitled to qualified immunity on claims that they racially discriminated against African-American inmates by housing them where they were exposed to Valley Fever. <u>Hines</u>, 914 F.3d at 1228. The Ninth Circuit recognized that the plaintiff's claim was an unusual equal protection claim, as it was alleging a denial of equal protection by not segregating prisoners by race. <u>Id.</u> at 1232. The Court found that to violate the Equal Protection Clause it would have to be clearly established that treating people of all races the same could be an equal protection violation. <u>Id.</u> at 1233. The Court gave three reasons why this was not clearly established.

First, from 2006 onward, the federal receiver supervised the prisons with multiple experts providing recommendations. <u>Hines</u>, 914 F.3d at 1233. The exclusion policy went into effect in 2007, but it was not until April 2012 that experts proposed excluding African-American's from the affected prisons. <u>Id.</u> The receiver did not formally recommend a policy to exclude African-Americans until November 2012. <u>Id.</u>

Second, the Constitution generally demands race neutrality and the Supreme Court has unambiguously held that " 'all racial classifications' are invalid unless they pass strict scrutiny[;]" and therefore an express racial classification such as the inmates are proposing is presumptively unconstitutional. <u>Hines</u>, 914 F.3d at 1234.

Third, the Court held that a reasonable prison official could have thought that not excluding African-Americans from the prison was consistent with the scientific data and pre-2012 recommendations from experts. <u>Hines</u>, 914 F.3d at 1235. According to the expert reports summarized in the January 2007 report, while 47 % of African-American inmates risk was due to race alone, removing them from the prison would only reduce the number of Valley Fever cases

by 16 percent at the most and being African-American was not associated with more severe disease. Id. The two largest risk factors were having a chronic medical condition and being housed in a facility with more outdoor exposure. Id. Therefore, the recommendation was to remove the persons at highest risk, which were those with chronic medical conditions, especially pulmonary conditions. Id. It was reasonable to exclude inmates based on medical conditions rather than based on race. Id.

Ultimately, the Ninth Circuit found that inmates did not have a clearly established right to be segregated from certain Central Valley prisons based on their race. Hines, 914 F.3d at 1235. Therefore, the defendants were entitled to qualified immunity based on the plaintiffs' allegations that African-American inmates were housed where they were exposed to a heightened risk of Valley Fever. Id.

The reasoning of the Ninth Circuit in Hines applies equally to Plaintiff's claims in this action that housing American-Indian inmates where they were exposed to a heightened risk of Valley Fever would violate the Equal Protection Clause. As the Ninth Circuit found, it is not clearly established that treating people of all races the same would violate the Equal Protection Clause as the racial classification that Plaintiff is suggesting is presumptively unconstitutional. Hines, 914 F.3d at 1234. Regardless of the fact that Plaintiff alleges an increased risk due to the fact that he is American-Indian, having a chronic medical condition placed an individual at the highest risk and it was reasonable for prison officials to exclude individuals based on medical condition rather than race. Id. at 1235.

The Court finds that the Ninth Circuit decision in Hines is controlling and recommends that Defendants' motion to dismiss the equal protection claims on the basis of qualified immunity be granted.

## V.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The motion to dismiss on the ground that the defendant are entitled to qualified immunity be GRANTED; and

8

2. This action be dismissed without leave to amend.

IT IS HEREBY ORDERED that the hearing set for September 4, 2019 in Courtroom 9 is VACATED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 30, 2019**

UNITED STATES MAGISTRATE JUDGE